**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4146**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

FRAZIER DERRING,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:11-cr-00179-RJC-DCK-1)

Submitted: August 29, 2013          Decided: September 3, 2013

Before DUNCAN, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James S. Weidner, Jr., LAW OFFICE OF JAMES S. WEIDNER, JR., Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Derring appeals his conviction and sentence, imposed following a jury trial, for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). On appeal, Derring's sole contention is that the evidence presented at trial was insufficient to convict him because the Government did not prove that the item he possessed met the statutory definition of a firearm, primarily that it was capable of expelling a projectile by the action of an explosive. See 18 U.S.C. § 921(a)(3)(A) (2006). Upon review of the record, we conclude that Derring is mistaken; the Government's expert witness clearly testified that the device Derring possessed was a firearm:

> A: A firearm is any weapon that is designed to, or can be readily assembled to fire a projectile by means of an explosion.
>
> [...]
>
> Q: Does this firearm meet the definition of a firearm that you gave us earlier in the fact that it is a weapon that is designed to expel a projectile by the action of explosive? [sic]
>
> A: It does.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately

2

presented in the material before this court and argument will not aid the decisional process.

AFFIRMED